UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CYNTHIA CHILDS,

                   Plaintiff,

v.                                                    CASE No. 8:06-CV-1250-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

                   Defendant.
_____

O R D E R

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[2] Because the Commissioner of Social Security improperly used the medical-vocational guidelines in determining that the plaintiff is not disabled, the Commissioner's decision will be reversed and the matter remanded for further proceedings.

I.

_____

[1]Michael J. Astrue has become the Commissioner of Social Security.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted for Jo Anne B. Barnhart as the defendant in this suit.

[2]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 15).

The plaintiff, who was thirty-six years old at the time of the administrative decision and who has a high school education (Tr. 19, 80), has been employed primarily as an apartment property manager and leasing consultant (Doc. 75, 87).   She filed her current claims for Social Security disability benefits and supplemental security income payments in March 2001, alleging that she became disabled, as of June 2000, due to asthma, high blood pressure, HIV and stress caused by depression (Tr. 60, 74, 377).  The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a <u>de novo</u> hearing before an administrative law judge.  The law judge found that the plaintiff had severe impairments of HIV, an affective disorder and an adjustment disorder with depression (Tr. 24).  He concluded that these impairments limited the plaintiff to unskilled sedentary work with the ability to stand and walk for two hours and sit for six hours in an eight-hour work day (Tr. 28).  The law judge restricted the plaintiff further to simple repetitive job tasks due to mild-to-moderate deficiencies in concentration, persistence and pace (<u>id</u>.).  The law judge concluded that with these limitations the plaintiff was unable to return to her past relevant work (<u>id</u>.).  However, he ruled, upon consideration of the medical-vocational guidelines, that the plaintiff could perform a significant

number of jobs that exist in the national economy (Tr. 27). Accordingly, the law judge decided that the plaintiff was not disabled (Tr. 28). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

A. In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402

U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

B. The administrative law judge considered the plaintiff's claims under regulations designed to incorporate vocational factors into the determination of disability claims. Those regulations apply in cases where an

-4-

individual's medical condition is severe enough to prevent her from returning to her former employment, but may not be severe enough to prevent her from engaging in other substantial gainful activity.  In such cases, the regulations direct that an individual's residual functional capacity, age, education and work experience be considered in determining whether the claimant is disabled.  These factors are codified in tables of rules, known as "guidelines" or "grids," that are appended to the regulations.  20 C.F.R. Part 404, Subpart P, Appendix 2.  If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. 20 C.F.R. 404.1569, 416.969.  If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability.  Id.

## III.

The plaintiff, proceeding *pro se*, filed an atypical memorandum of law in opposition to the Commissioner's decision (Doc. 14).  The plaintiff's memorandum includes, however, a copy of contentions made to the Appeals Council by her former lawyer.  These contentions have been considered in light of the evidence in the administrative transcript, which I have reviewed in its entirety.  One of the contentions has merit and warrants reversal.

The plaintiff specially adopted the contention that the law judge erred when he relied upon the medical-vocational guidelines to determine the existence of work in the national economy that the plaintiff could perform, instead of employing a vocational expert for such a determination (Doc. 14, p. 9).  Although the Commissioner's response acknowledges the use of the grids, it makes no attempt to justify that use (Doc. 21, pp. 13-14).

In the Eleventh Circuit, "[e]xclusive reliance on the grids is not appropriate either when claimant is unable to perform a full range of work at a given residual functional level or when a claimant has non-exertional impairments that significantly limit basic work skills."  Francis v. Heckler, 749 F.2d 1562, 1566 (11th Cir. 1985).  In this case, the plaintiff has a nonexertional limitation due to an impairment in her concentration, persistence and pace (Tr. 26).  Accordingly, the law judge restricted the plaintiff to simple repetitive tasks (Tr. 28).

Eleventh Circuit decisions establish that, in light of this nonexertional limitation, the law judge could not rely upon the grids, but was required to employ a vocational expert.  In Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989), a law judge found that the claimant had nonexertional limitations concerning performing complex tasks and tolerating extraordinary

stress.  The law judge found that these limitations reduced the full range of light work only slightly and therefore applied the grids to determine that the plaintiff was not disabled.   The Eleventh Circuit concluded that this was reversible error.  Quoting Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. 1981)(emphasis in original), the court stated (880 F.2d at 1202):

> "It is only when the claimant can clearly do unlimited types of light work, ... that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy."

The Eleventh Circuit reached a similar conclusion in Marbury v. Sullivan, 957 F.2d 837 (11th Cir. 1992).  There, a law judge found that a claimant had a nonexertional limitation regarding working around unprotected heights or dangerous moving machinery.  He concluded that the claimant could perform a wide range of light work and therefore it was unnecessary to call a vocational expert.  The court of appeals reversed, citing the foregoing quotation from Ferguson v. Schweiker and Allen v. Sullivan.  The court added (957 F.2d at 839)(emphasis in original):

> Under the ALJ's findings it is evident that claimant was not able to do unlimited types of light work, because he was precluded from work around

>unprotected heights or dangerous moving machinery. Expert testimony was therefore required to determine whether Marbury's limitations were severe enough to preclude him from performing a wide range of light work. <u>Allen</u>, 880 F.2d at 1202. An ALJ's conclusion that a claimant's limitations do not significantly compromise his basic work skills or are not severe enough to preclude him from performing a wide range of light work is not supported by substantial evidence unless there is testimony from a vocational expert. <u>Id</u>. It was therefore error to rely upon the grids. <u>Sryock</u> v. <u>Heckler</u>, 764 F.2d 834, 836 (11th Cir. 1985).

<u>See</u> <u>also</u> <u>Welch</u> v. <u>Bowen</u>, 854 F.2d 436 (11th Cir. 1988).

It is appropriate to add that the exertional level involved in <u>Allen</u> and <u>Marbury</u> was light work. Here, the plaintiff is restricted to sedentary work. Consequently, the jobs available to the plaintiff are more limited than those available in <u>Allen</u> and <u>Marbury</u>. Thus, there is even greater reason in this case to require the testimony of a vocational expert.

For these reasons, it was error for the law judge to use the grids rather than a vocational expert. Accordingly, a remand is warranted.

In addition, there appears to be a latent error in the evaluation of the plaintiff's nonexertional limitations. The plaintiff testified that, due to her mood swings, she does not get along well with other people because they

irritate her (Tr. 416).   The law judge in his decision did not include this testimony in his summary of the evidence (Tr. 24) and, more significantly, did not evaluate it.   This evidence should have been addressed because the problem could constitute a nonexertional limitation about dealing with the public and co-workers.   Hypothetical questions to vocational experts sometimes include such a limitation.   This oversight can be corrected on remand.[3]

The other contentions which the plaintiff has adopted do not appear upon a reading of the transcript to demonstrate reversible error.   A discussion of those contentions is not warranted since upon remand a new decision will be entered that may address some, or all, of the contentions. Furthermore, the plaintiff's claims could be unfairly hampered by resolution of issues that were not adequately developed by the <u>pro se</u> plaintiff.   In this respect, the plaintiff is strongly advised to obtain a lawyer who is experienced in Social Security matters to assist her in pursuing this matter further.

_____

[3]The plaintiff's adopted contentions also include the assertion that the law judge misstated that the plaintiff's global assessment of functioning scores of 45 to 65 showed mild-to-moderate limitations in occupational functioning.   However, scores of 45 to 50 reflect serious symptoms.   <u>Diagnostic and Statistical Manual of Mental Disorders</u> (4th ed.), p. 32.   This mistake would not likely have supported a reversal.   In any event, it can be corrected on remand.

It is, therefore, upon consideration

ORDERED:

That the Commissioner's decision is hereby REVERSED, and the matter is REMANDED for further consideration.   The Clerk shall enter judgment in accordance with this Order and close this case.

DONE and ORDERED at Tampa, Florida, this 5th day of September, 2007.


THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE